UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND,<br>Plaintiff,<br>v.<br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br>Defendant. | Civil Action No. 25-03059 (ACR) |

**PLAINTIFF'S NOTICE OF INTENT TO FILE MOTION FOR SUMMARY JUDGMENT**

Pursuant to Section 7(f) of this Court's standing order, Plaintiff Environmental Defense Fund (EDF) hereby provides notice of its intent to file a motion for summary judgment in this Freedom of Information Act (FOIA) matter.[1]

**BACKGROUND**

This FOIA suit seeks records of the Environmental Protection Agency (EPA) on a time-sensitive matter of extraordinary public importance: EPA's reliance on a deeply flawed report by a "Climate Working Group" to rescind the agency's 2009 Endangerment Finding that greenhouse gases in the atmosphere threaten the public health and welfare of current and future generations. *See* Compl. ¶ 1. In separate litigation, EDF challenged the creation of the "Climate Working Group" under the Federal Advisory Committee Act (FACA), and a federal district court agreed that the group was unlawfully established and convened. *See EDF v. Wright*, No. CV 25-12249-WGY, 2026 WL 251626, at *1 (D. Mass. Jan. 30, 2026). EPA later issued a final rule to

[1] Although the government typically files the first motion for summary judgment in FOIA proceedings, EDF is filing the first pre-motion notice because government counsel is currently out of the office on pre-approved leave.

rescind the Endangerment Finding, in which the agency purported to disclaim reliance on the Climate Working Group's report. *See* 91 Fed Reg. 7686, 7691 n.8. A coalition of public health and environmental organizations, including EDF, have challenged the final rule in the D.C. Circuit, and that litigation remains ongoing. *See Am. Pub. Health Ass'n v. EPA*, No. 26-1037 (D.C. Cir.).

This case concerns FOIA Request No. 2025-EPA-07992, submitted to EPA on August 1, 2025 by EDF, seeking records regarding the formation of the Climate Working Group, the development of its report, and EPA's reliance on the report. After EPA failed to produce records or make any determination on the FOIA request by the statutory deadline, EDF filed suit on September 8, 2025. EPA issued its "fourth and final" production of records on May 13, 2026 and provided an index of withheld records on July 9, 2026. *See* Ex. 1 (index).

On August 4, 2026, EDF requested that EPA provide further explanation for the basis of the agency's withholding of two documents on the index: a document titled "DOE_Reports_Impacts of Carbon Dioxide Emissions on the U.S. Climate_5.27.25.pdf" and a document titled "References.docx," which appeared to be an attachment to a July 22, 2025 email from Travis Fisher, the Department of Energy (DOE) political appointee overseeing the Climate Working Group, to Aaron Szabo, assistant administrator of the EPA, and Jeffrey Clark, the then-Associate Administrator of the Office of Information and Regulatory Affairs (OIRA). Thereafter, on August 10, EDF notified EPA of its intent to challenge EPA's redactions to a third document—the July 22, 2025 email from Fisher to Szabo and Clark. *See* Ex. 2 (Fisher email).

The parties then conferred, and EPA stated that it would need at least another month before it could even provide a basis for its withholdings in connection with a motion for

summary judgment. On August 25, the parties submitted a joint status report in which they jointly proposed the following briefing schedule for summary judgment:

- Defendant's motion for summary judgment: October 15, 2026
- Plaintiff's opposition/cross-motion: October 29, 2026
- Defendant's opposition/reply: November 12, 2026
- Plaintiff's reply: November 19, 2026

## ARGUMENT

"FOIA cases are typically resolved on motion for summary judgment." *Gatore v. DHS*, 177 F. Supp. 3d 46, 50 (D.D.C. 2016). In considering a motion for summary judgment, the agency has "the burden of demonstration that the withheld documents are exempt from disclosure." *Id.* The agency will typically submit a *Vaughn* index and declarations, which must provide the agency's justification for withholding each document at issue, "specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of the withheld document to which they apply." *Id.*

EPA has withheld and/or redacted all three documents at issue under the deliberative process privilege. To fall under that exemption, EPA must show that the documents are "both predecisional and deliberative." *Gatore v. DHS*, 177 F. Supp. 3d 46, 50 (D.D.C. 2016). Moreover, "[u]nder the deliberative process privilege, factual information generally must be disclosed." *Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992). The government "bears the burden of demonstrating that no reasonably segregable material exists in the withheld documents." *Barouch v. DOJ*, 962 F. Supp. 2d 30, 56 (D.D.C. 1992).

In the FOIA context, the government also bears the burden of showing that it "reasonably foresees that disclosure would harm an interest protected by" the exemption under which the record was withheld. 5 U.S.C. § 552(a)(8)(A)(i)(I). The foreseeable-harm requirement "imposes

an independent and meaningful burden on agencies." *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 369 (D.C. Cir. 2021).

Here, even though EDF asked EPA to provide a basis for the deliberative process withholdings several weeks ago, the government has not yet provided such a basis, and has instead maintained that it would need up to another month just to determine whether it could release additional information and provide a further basis for withholding. EDF respectfully submits that the government should not require an additional month (on top of the three weeks it has already had) to explain why it is withholding these three documents, particularly given their time-sensitivity and public importance, which go to the heart of EPA's involvement in and reliance on the Climate Working Group. EDF thus requests that the government either be required to provide its basis for withholding in advance of the pre-motion conference or, alternatively, that the Court enter the summary judgment schedule proposed in the parties' August 25 joint status report, which would set a deadline of October 15 for the government to file its motion for summary judgment. EDF plans to argue that the documents at issue have been improperly withheld because no interest would be harmed by their release, particularly because part or all of the records have already been made public elsewhere by the government.

August 27, 2026

Respectfully submitted,

*<u>/s/ Lynn Eisenberg</u>*

Daniel F. Jacobson (D.C. Bar 1016621)
Lynn D. Eisenberg (D.C. Bar 1017511)
John Robinson (D.C. Bar 1735989)
JACOBSON LAWYERS GROUP PLLC
1629 K Street NW, Suite 300
Washington DC, 20006
(301) 823-1148
dan@jacobsonlawyersgroup.com