UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | Civil Action No. 25-03059 (ACR) |

**DEFENDANT'S NOTICE OF INTENT TO FILE CROSS MOTION FOR SUMMARY JUDGMENT**

Pursuant to this Court's Minute Order dated September 1, 2026, Defendant U.S. Environmental Protection Agency ("EPA" or the "Agency"), respectfully submits this notice of intent to move for summary judgment.[1]

**STANDARD OF REVIEW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when the moving party shows there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "FOIA cases typically are resolved on a motion for summary judgment." *Ortiz v. Dep't of Just.*, 67 F. Supp. 3d 109, 116 (D.D.C. 2014). Although the agency bears the burden of proof, "[t]he Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). The agency's affidavits or declarations need to be reasonably detailed and non-conclusory. *See McGehee v. CIA*,

[1] For brevity, Defendant refers the Court to the complaint and the parties' previously filed joint status reports for the factual background of this matter.

697 F.2d 1095, 1102 (D.C. Cir. 1983). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) (internal quotations omitted).

## ARGUMENT

### I. Summary Judgment Briefing is Premature.

Summary judgment briefing is simply premature. EPA indicated that it would provide further information regarding the withholdings, but that the documents at issue require extensive consultation with multiple components within the EPA and with outside executive offices. The EPA plans to produce an informal detailed index on or before September 25, 2026 which would help provide context and perhaps resolve Plaintiff's questions.

A motion for summary judgment is premature where agencies continue to process and release responsive records is generally disfavored. *See, e.g.*, *Doshi v. Blinken*, Civ. A. No. 23-3613 (RC), 2024 WL 3509486, at *10 (D.D.C. July 22, 2024) (denying plaintiff's summary judgment motion as premature when agency was still processing and releasing responsive records); *McKathan v. Dep't of Homeland Sec.*, Civ. A. No. 22-1865 (DLF), 2024 WL 1344434, at *8 (D.D.C. Mar. 29, 2024) ("The Court will not set a summary judgment briefing schedule before [the agencies] have finished searching and releasing any documents to [the requester].").

Here, the EPA is still evaluating whether additional segregable material could be released from one of the documents at issue. Briefing summary judgment before the EPA has completed its segregability review would deprive the EPA of the opportunity to comply with § 552(b). In the interest of judicial economy, summary judgment should be deferred to provide the parties time to discuss EPA's forthcoming informal index, and whether those explanations will dispel Plaintiff's concerns.

## II. <u>The EPA Properly Withheld Information Pursuant to Exemption 5.</u>

If the Court finds that summary judgment is ripe for review, the EPA would be prepared to argue that it properly withheld information pursuant to Exemption 5, which safeguards "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than the agency in litigation with the agency." 5 U.S.C. § 552(b)(5); *Burka v. Dep't of Health and Hum. Servs.*, 87 F.3d 508, 516 (D.C. Cir. 1996) ("The parameters of Exemption 5 are determined by reference to the protections available to litigants in civil discovery; if material is not 'available' in discovery, it may be withheld from FOIA requestors.").

The withheld documents are internal to the federal government and predecisional to Department of Energy decisions relating to the finalization of the report "Impacts of Carbon Dioxide Emissions on the U.S. Climate" and EPA decisions relating to various EPA rulemakings. *See Machado Amadis v. Dep't of State*, 971 F.3d 364, 371 (D.C. Cir. 2020)("To withhold a document under the deliberative process privilege, it "must be [both] predecisional and deliberative."). Release of the withheld documents would result in public confusion regarding the basis of the final agency decisions and chill federal agencies' ability to develop similar reports for publication. *Campaign Legal Ctr. v. Dep't of Just.*, Civ. A. No. 18-1771 (TSC), 2025 WL 973469, at *9 (D.D.C. Mar. 31, 2025) Release of the withheld information would also chill interagency deliberations on matters which involve the missions of more than one agency and would also cause public confusion by suggesting reasons for agency decisions that did not ultimately form the basis for an agency action. *Id.*

## III. <u>The EPA Properly Withheld a White House Email Address Pursuant to Exemption 6.</u>

Exemption 6 protects information about individuals in "personnel and medical files and similar files" the disclosure of which "would constitute a clearly unwarranted invasion of personal

privacy." 5 U.S.C. § 552(b)(6).To determine the application of Exemption 6, courts first look to "whether disclosure 'would compromise a substantial, as opposed to a *de minimis*, privacy interest.'" *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 33 (D.C. Cir. 2002) (citation omitted); *see also Horner*, 879 F.2d at 874 ("[I]f no significant privacy interest is implicated . . . FOIA demands disclosure."). Conversely, when the court finds there is a substantial privacy interest at stake, it must "balance the . . . privacy interest against public interest in disclosure." *Elec. Priv. Info. Ctr. v. Dep't of Just.*, 18 F.4th 712, 718 (D.C. Cir. 2021) (alteration in original) (quoting *Nat'l Archives & Recs. Admin v. Favish*, 541 U.S. 157, 171 (2004)). The "public has no cognizable interest in the release of" information revealing little or nothing of agency conduct. *Beck v. Dep't of Just.*, 997 F.2d 1489, 1893 (D.C. Cir. 1993) (quoting *Dep't of Just. v. Reps. Comm.*, 489 U.S. at 773); *see also Horner*, 879 F.2d at 879) ("[S]omething, even a modest privacy interest, outweighs nothing every time.")

Here, public interest in disclosure is not outweighed by the privacy interest of the senior White House official. *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 18–19 (D.D.C. 2013) (protecting work email addresses of the EPA Administrator and personnel in the Executive Office of the President due to the significant privacy interest of those individuals in avoiding harassment and unsolicited emails).

Dated: September 8, 2026
Washington, DC

Respectfully submitted,

By: *Amanda L. Torres*
AMANDA L. TORRES
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530

*Attorneys for the United States of America*